**Mohamad ABDUL–KARIM, Petitioner,**

v.

**John ASHCROFT, Attorney General, Respondent.**

**No. 02–74498.
Agency No. A72–661–821.**

United States Court of Appeals, Ninth Circuit.

Submitted May 13, 2004.*

Decided June 24, 2004.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Neil D. Kolner, Law Office of Michael D. Ray, Miami, FL, for Petitioner.

Regional Counsel, Western Region Immigration & Naturalization Service, Laguna Niguel, CA, District Counsel, Office of the District Counsel, Department of Homeland Security, San Diego, CA, Ronald E. LeFevre, Chief Legal Officer, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Joan E. Smiley, Esq., Greg D. Mack, Esq., U.S. Department of Justice, Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before MCKEOWN, BYBEE, Circuit Judges, and BREYER, District Judge.[**]

MEMORANDUM [***]

Mohamad Abdul–Karim, a native and citizen of Lebanon, petitions for review of the decision of the Board of Immigration Appeals (BIA) summarily affirming the denial of his asylum and withholding of removal application. We have jurisdiction pursuant to 8 U.S.C. § 1252 and review for substantial evidence the Immigration Judge's factual determinations concerning Abdul–Karim's eligibility for asylum and withholding of removal. *INS v. Elias–Zacarias,* 502 U.S. 478, 481 & n. 1, 112 S.Ct. 812, 117 L.Ed.2d 38 (1992). Because Abdul–Karim's evidence would not compel any reasonable adjudicator to conclude that he was eligible for asylum or withholding of removal, 8 U.S.C. § 1252(b)(4)(B), we uphold the Immigration Judge's factual determinations and deny the petition.

Substantial evidence supports the Immigration Judge's denial of Abdul–Karim's application for lack of a well-founded fear of persecution on account of his membership in the particular social group, Lebanese homosexual men. The Immigration Judge cited both Abdul–Karim's failure of proof, *see* 8 C.F.R. § 208.13(a), as well as the State Department's 1998 advisory opinion that prohibitions against homosexuality were unenforced as of the mid–1990s. Abdul–Karim's evidence does not rebut the State Department's advisory opinion.

We note that several of Abdul–Karim's sources do not relate to country conditions in Lebanon or to a claim of a well-founded fear of future persecution on account of his being a Lebanese, homosexual man. Other documents, while relevant, do not rebut the State Department's 1998 advisory opinion that prohibitions on homosexual behavior went unenforced. *Gonahasa v. INS,* 181 F.3d 538, 542–43 (9th Cir.1999)(noting that State Department country reports provide the BIA substantial evidence in the absence of "powerful contradictory evidence").

---

[**] The Honorable Charles R. Breyer, U.S. District Judge for the Northern District of California, sitting by designation.

[***] This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

The Immigration Judge deemed some of Abdul–Karim's documentation "unreliable" as it was from unidentified sources. These sources included unsigned, unsworn translations of newspaper clippings. *See* 8 C.F.R. § 103.2(b)(3) ("Any document containing foreign language submitted to the Service shall be accompanied by a full English language translation which the translator has certified as complete and accurate, and by the translator's certification that he or she is competent to translate from the foreign language into English.").

In addition, the Immigration Judge concluded that these documents did not establish a pattern of persecution as it "allegedly currently exists in Lebanon." The translations and handwritten notes claim the newspaper clippings date back over a decade and indicate that at that time police arrested individuals in Lebanon for adult, consensual homosexual conduct. This evidence, even if credited, does not rebut the 1998 State Department advisory opinion and does not compel the conclusion that Abdul–Karim would face persecution today on account of his membership in his particular social group.

Finally, the Immigration Judge did not credit Abdul–Karim's testimony concerning his former classmates arrested for sodomy. The Immigration Judge found that Abdul–Karim's testimony was based on facts learned from an unidentified source and dated back to the mid–1980s.

Abdul–Karim, in failing to qualify for asylum, necessarily failed to satisfy the more stringent standard for withholding of removal. *Pedro–Mateo v. INS,* 224 F.3d 1147, 1150 (9th Cir.2000).

PETITION DENIED.